| | | | |
|---|---|---|---|
| | AUSA: April N. Russo | Telephone: (313) 226-9129 | |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Adam Christensen, FBI | Telephone: (313) 496-4335 | |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Marc Armbruster

Case: 2:18-mj-30253
Assigned To : Unassigned
Assign. Date : 5/4/2018
Description: IN RE SEALED MATTER (BG)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 2015 and November 16, 2015__ in the county of __Oakland and elsewhere__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) and (e), 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) and 18 U.S.C. § 2422 | Producing, attempting to produce and conspiracy to produce child pornography; receipt and distribution of, conspiracy to receive and distribute and attempt to receive and disribute child pornography, possession of, knowing access, conspiracy to access or attempted access with intent to view child pornography, and coercion and enticement. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent Adam Christensen, FBI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: MAY - 4 2018

City and state: Detroit, Michigan

_Judge's signature_
ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR COMPLAINT AND ARREST WARRANT

## I. INTRODUCTION

I, Adam Christensen, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since 2010, and am currently assigned to the Detroit Division. While employed by the FBI, I have investigated federal criminal violations related to child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252A, and I am authorized by the Attorney General to request an arrest warrant.

2. This affidavit is made in support of an application for a criminal complaint and arrest warrant for **Marc Ambruster**, date of birth XX/XX/1983, for violations of 18 U.S.C. § 2251(a) and (e) (producing, attempting to produce, and

1

conspiracy to produce child pornography); 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (receipt and distribution of, conspiracy to receive and distribute, and attempt to receive and distribute child pornography); 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (possession of, knowing access, conspiracy to access, or attempted access with intent to view child pornography); and 18 U.S.C. § 2422 (coercion and enticement).

3. The statements contained in this affidavit are based in part on: information provided by FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent (SA) with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary probable cause that **Armbruster** has violated Title 18 U.S.C. §§ 2251(a) and (e), 2252A(a)(2)(A) and (b)(1), 2242A(a)(5)(B) and (b)(2), and 2422.

## II. BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

4. On November 16, 2015, the FBI encountered a subject (S1) in the Eastern District of Michigan. S1 was in possession of child pornography, and has been arrested and charged in the Eastern District of Michigan for child pornography crimes. Both prior to and following his arrest, S1 consented to being interviewed by law enforcement agents. During the interviews, S1 admitted to accessing child pornography. S1 also informed agents that he was a member of a group of individuals that uses the internet to entice minors to engage in sexually explicit conduct via web camera. The group members would pretend to be teenagers in order to entice their minor "targets." S1 resided in the Eastern District of Michigan during the commission of the above-listed crimes.

5. Both prior to and following his arrest, S1 consented to being interviewed by law enforcement agents, and provided the following information, which has been corroborated by the FBI undercover investigation:

    a. A group of individuals, acting in concert, used the internet to entice minors to engage in sexually explicit conduct via web camera. The members of this group primarily operated by convincing minor females to visit chat rooms on a specific website. (This website is now known to law enforcement and will hereinafter be referred to as "Website A".) In order

3

    to communicate with each other, the group members use base chatrooms on Website A, often that were password protected.

 b. The group members organize and plan in these base chatrooms, and then create other chatrooms on Website A for the girls to go to. Once the girls arrive in the chatrooms, group members work together to convince them to perform various sexual acts on camera. Everyone present in the chatroom has the ability to watch the girls engaged in these acts, and the group members record the girls. Some of the group members distributed the recordings to other people.

 c. Each group member has a different role. There are "hunters," "talkers," "loopers," and "watchers." The "hunters" visit social media websites commonly used by their minor victims to interact with the minors. They are in charge of convincing them to log-on to Website A. They provide the girls with a link to a specific chatroom that they or another group member creates on Website A.[1] Once the minors log-on to Website A, the "talkers" take over the primary job of conversing with them. They ask the minors to do 'dares' which escalate into sexual activity. If a minor is

---

[1] The hunters often will convince the minor females they interact with to give them their contact information on social media applications like Kik, Instagram, or Skype. Their goal is to chat privately with the girls so that they can avoid posting links to Website A on public websites.

4

suspicious of the members in the chatroom or reluctant to engage in sexual activity, a "looper" plays a previously recorded video of a minor actively chatting and performing sexual acts in a chatroom. The "looper" pretends to be the minor in the video. The "looper" plays the video or "loop" of a minor engaged in sexual activity in order to entice the minor in the chatroom to follow suit. "Loopers" used a software program to stream their "loops" (the prerecorded videos) through the webcamera on Website A so that the minors would believe the teenagers in the videos were talking to them in real-time. The most common software program S1's group used to "loop" was Many Cam. Finally, "watchers" are in charge of security. They watch the users coming and going from the chatroom to make sure that no suspected law enforcement members or other unwanted persons access the room. In general, according to S1, all of the members who are present in the room capture, or 'capped' the video stream of the minor being enticed, particularly if child pornography is being produced. To "cap" something is to record it.

6. Six American-based members of S1's group have already been arrested and convicted in the Eastern District of Michigan of charges related to child exploitation

enterprise, conspiracy to produce child pornography, online enticement, and various other child exploitation offenses. Several others remain at-large.

***Identification of IDAHO TARGET #1 as a Group Member***

7.   One of the group members that S1 identified was IDAHO TARGET #1.[2] S1 stated that IDAHO TARGET #1 was primarily a "talker" on Website A. IDAHO TARGET #1 was an ancillary member and was brought in by one of the group members because the group needed more "talkers." S1 stated that IDAHO TARGET #1 was good at communicating with minor females to get them to engage in sexual activity on webcamera.

8.   Analysis of logs from Website A show that an individual consistently using the username IDAHO TARGET #1 logged on with the IP address 96.18.150.119 between April 2, 2015 and June 27, 2015. This IP address was also observed to access two base chatrooms of the group that S1 confirmed were password protected base chatrooms, as well as at least two rooms where minor victims (MV-20 and MV-22) residing in the Eastern District of Michigan were targeted by S1's group. Child pornography videos of both of these minors have been recovered from group members' electronic devices. They have been identified and were under the age of 14 when these recordings were made. One such video, created on April 10, 2015 which appears to be recorded from

---

[2] The true username of IDAHO TARGET #1 is known to law enforcement but is not revealed here to

Website A, depicts MV-20 wearing only a t-shirt with her legs spread open. During the video, she inserts a marker into her anus while simultaneously inserting a curling iron into her vagina. The logs show that the 96.18.150.119 IP address associated with IDAHO TARGET #1 was logged into a chatroom on Website A with MV-20 on this date.

9. Another video of MV-22 which met the Federal definition of child pornography was found to be created on April 4, 2015. This video, which was entitled "puppy bate.avi" and appears to be recorded from Website A, depicts MV-22 wearing only a t-shirt which was partially removed to expose her breasts and genitals to the camera. MV-22 is then observed to engage in sexual activity by manually masturbating by inserting her finger into her vagina. The logs of Website A show that MV-22 was streaming in one of her chatrooms on this day and that the 96.18.150.119 IP address associated with IDAHO TARGET #1 was logged into that room.

10. One of the defendants in S1's group had recording software that would automatically record anyone streaming video from Website A and create a title for the video embedded with the username of the person that had streamed it and the title of the chatroom on Website A where they played it. Multiple recordings of a young teenage boy were recovered with file names that indicated that the username IDAHO

protect the integrity of the ongoing investigation.

TARGET #1 had played them. Two of the rooms that this user played these videos were rooms that MV-20 and MV-22 frequented. Consistent with the discovery of these videos, the logs from Website A indicated that the username IDAHO TARGET #1 had used Many Cam (a program commonly used to "loop") in both MV-20 and MV-22's chatrooms days before videos of them engaging in the sexual activity described above were created.

11. There were also recovered recordings streamed by the username IDAHO TARGET #1 in the password protected base chatroom used by S1's group. Your affiant knows from S1 and other Website A offenders that group members sometimes shared recordings of child pornography they had made by streaming them through the web camera in this way. At least one of these recordings shared by IDAHO TARGET #1 met the federal definition of child pornography. In this video, which is 2 minutes and 48 seconds long, an unidentified minor female which your affiant believes to be between the ages of 14 to 16 years old, is seen wearing a black t-shirt with the word Trojan volleyball. It appears that she is reading the screen of her computer and then she points the camera of her computer down to her pubic area where she is wearing blue underwear. She then manually masturbates through the underwear. The camera then goes back up to her face and shortly thereafter she moves the camera back to her pubic area, moves the underwear to the side to display her genitals, and makes a mark

8

on her labia with the black marker.

### Identification of IDAHO TARGET #1 as Marc Armbruster

12. On June 19, 2017, Cable One was subpoenaed for the subscriber information for the IP address 96.18.150.119. Cable One responded on June 23, 2017, and provided the address of the subscriber as 7XXX Hampton Lane, Nampa, Idaho 83687 in the name of Shandy Armbruster. The lease for the above stated IP address began on March 15, 2015, and ended on June 29, 2015, which covers the entire span of time that it was utilized on Website A.

13. Two IP addresses that were used to access the password protected base-chatrooms and belong to Cable One and were geo-located in the vicinity of Nampa, Idaho were found. These IP addresses visited Website A between October 10, 2015, and February 18, 2016, and between September 19, 2016 and August 18, 2017, respectively. The FBI subpoenaed Cable One for the subscriber information for these two IP addresses on June 13, 2017. The response indicated that they were used by the same account at residence address 4XXX N Kilee Avenue, Meridian, Idaho 83646.

14. A check of Accurint, an open source records provider, indicated that **Marc Armbruster**, date of birth XX/XX/1983 resided at 7XXX E Hampton Lane, Nampa, Idaho from November 2009 to August 2015 with Shandy Armbruster, also

9

known as Shandy Joblin. It further shows that **Marc Armbruster**, then resided at 4XXX N Kilee Avenue, Meridian, Idaho from 2014 to present with Laurel Armbruster, also known as Laurel Teears.

15. A query of social media platform Facebook for **Marc Armbruster** residing in Idaho returned a profile that matched. Facebook was subpoenaed for subscriber information for this profile and returned information on June 29, 2017, that showed that all of the IP addresses used to access Website A described above were used to access the Facebook account.

### Search Warrant Execution

16. On March 1, 2018, a federal search warrant authorized in the District of Idaho was executed at the residence of **Marc Armbruster,** 4XXX N Kilee Avenue, Meridian, Idaho 83646. **Armbruster** was present during the execution of the warrant, along with his wife and one of his children, age 14. **Armbruster** voluntarily spoke with the agents and stated that it was possible and probable that he had seen underage girls online. He admitted having visited the website YouNow and Periscope. He stated that he never searched for underage material. He admitted that he would see links to Website A but he said when he clicked on the links often times or all the time the rooms would be password protected and he could not get into them. **Armbruster** admitted to visiting another website, very

10

similar to Website A, that the FBI knows Fans Group members frequented. **Armbruster** first said he did not use the IDAHO TARGET #1 username but then stated that he may have. He admitted having a gmail account for which he used a portion of the username IDAHO TARGET #1. **Armbruster** admitted that he had downloaded files and seen videos of girls masturbating and stripping and that some of the girls may have been under 18. He stated that he could see himself trying to convince an older girl to undress if she was reluctant and that there were a lot of people in the chatrooms he visited that tried to get girls to get naked.

17.     **Armbruster** admitted that he previously lived at the above-mentioned Nampa, Idaho address during the time period that an internet user at that address was accessing Website A. Multiple devices were recovered from the residence. **Armbruster** stated that he had obtained a new computer sometime in 2017 and no longer had his old one.

18.     During a phone call on May 7, 2018 with his wife Laurel Teears, **Armbruster** could be heard calling out in the background that his old computer was somewhere in a landfill.

## **CONCLUSION**

19.  Based on the foregoing, there is probable cause to believe **Marc Armbruster** has produced, attempted to produce and conspired to produce child pornography in violation of 18 U.S.C. § 2251(a) and (e); has been in the receipt or distribution, been a part of a conspiracy to receive and distribute and has attempted to receive and distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1); has knowingly conspired to access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2); and has coerced and enticed a minor in violation of 18 U.S.C. § 2422.

_____
Special Agent Adam Christensen
Federal Bureau of Investigation

Sworn to me this 4th day of May

_____
Elizabeth Stafford
United States Magistrate Judge