## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

                Plaintiff,

v.

Marc Armbruster,

                Defendant.

_____/

Case No. 18-20538

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION TO VACATE SENTENCE [29]

Before the Court is Defendant Marc Armbruster's motion under 28 U.S.C. § 2255 to vacate his sentence. (ECF No. 29.)[1]

For the reasons set forth below, Defendant's motion is denied.

## I.    Background

On August 27, 2018, Defendant pled guilty to Count One of the Information, which charged him with conspiracy to receive child pornography in violation of 18 U.S.C. § 2252A(a)(2). (ECF No. 19,

---

[1] Defendant's motion does not display PageID numbers. As such, the Court will refer to the document page numbers in lieu of PageID numbers for Defendant's motion.

PageID.63, 76; *see also* ECF No. 26 (transcript of plea hearing).) Defendant was sentenced on March 14, 2019, to 240 months in custody and five years of supervised release. (ECF No. 24, PageID.278–279.) A stipulation regarding restitution was entered on March 22, 2019. (ECF No. 25.) Defendant did not file a notice of appeal.

On April 1, 2020, Defendant filed this motion under 28 U.S.C. § 2255. (ECF No. 29.) The motion is fully briefed. (ECF No. 33, 34.)

## II.    Legal Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, an inmate in federal custody who files a motion to vacate, set aside, or correct his sentence must demonstrate "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Shaw v. United States*, 604 F. App'x 473, 476 (6th Cir. 2015) (quoting 28 U.S.C. § 2255(a)).

"A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or

law that was so fundamental as to render the entire proceeding invalid."
*Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing
*United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)).

## III.   Analysis

### A. Defendant's reply brief

Defendant's reply brief, excluding the Certificate of Service, is
twenty-two pages long. (ECF No. 34.) This brief exceeds the length of a
reply brief permitted under Eastern District of Michigan Local Rule
7.1(d)(3)(B), which states, "[t]he text of a reply brief, including footnotes
and signatures, may not exceed 7 pages." *See also* Local Criminal Rule
1.1 ("[T]he general local rules apply to criminal actions."). Defendant did
not seek permission to exceed the page limit prescribed by the Local
Rules. As such, the Court will only consider the first seven pages of the
reply, excluding the title page. (*See* ECF No. 34, PageID.449–456.)

### B. Timeliness

Next, the Court addresses the timeliness of Defendant's motion. 28
U.S.C. § 2255(f), which sets forth the period of limitations, states:

> A 1-year period of limitation shall apply to a motion under this
> section. The limitation period shall run from the latest of--

3

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Defendant's judgment was entered on March 14, 2019, (ECF No. 24), but the Court also entered a stipulated order regarding restitution as part of Defendant's judgment on March 22, 2019. (ECF No. 25.) When the defendant does not file a notice of appeal, the judgment "becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. App. P.

4

4(b)(1)(A). Therefore, Defendant's conviction became final fourteen days after the judgment was entered.[2]

Defendant argues in his reply that the date of entry of judgment is March 22, 2019, the date the stipulated order on restitution was entered, which would result in a final judgment date of April 1, 2019. (ECF No. 34, PageID.451.) While Defendant does not cite any authority for this contention, the Court agrees.

"In a criminal case, the final judgment for purposes of appeal is the sentence." *United States v. Boyd*, 948 F.2d 1290 (6th Cir. 1991) (unpublished table opinion) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)); *see also Burton v. Stewart*, 549 U.S. 147, 156 (2007) (holding that the period of limitations under AEDPA does not begin until "both [the] conviction *and* sentence became final") (internal quotation marks omitted).

---

[2] Defendant erroneously states that the time to file a notice of appeal expires after ten days. (ECF No. 29, Page 7 of 24 (citing *Sanchez-Castellano*, 358 F.3d at 427; Fed. R. App. P. 4(b)).) Defendant appears to rely on *Sanchez-Castellano* for this timing. The Court notes that *Sanchez-Castellano* was issued in 2004 and that Federal Rule of Appellate Procedure 4(b)(1) was amended in 2009, which changed the 10-day deadline to 14 days.

Because an order of restitution "is part of one's sentence," *United States v. O'Hara*, 114 F.4th 557, 560 (6th Cir. 2024) (quoting *United States v. Winans*, 748 F.3d 268, 271 (6th Cir. 2014)), it follows that an order of restitution, if entered after sentencing, would delay the date of an entry of judgment. (*See* ECF No. 25, PageID.287 (stating that the restitution award "will be included in defendant's judgment").) While the Sixth Circuit appears to have not addressed this issue, the Tenth Circuit held that "a judgment of conviction becomes final for § 2255 limitations purposes when there is no further avenue for direct appeal of any portion of the sentence, including restitution." *United States v. Anthony*, 25 F.4th 792, 799 (10th Cir. 2022). The Tenth Circuit concluded that a § 2255 limitations period begins only after restitution is determined. *Id.* at 802.

Thus, Defendant had 14 days from the entry of the order of restitution to file a notice of appeal. Therefore, the judgment became final on April 1, 2019, making his April 1, 2020 § 2255 motion timely.

## C. Effective Assistance of Counsel

Defendant first asserts that he is entitled to relief under § 2255 because he was denied effective assistance of counsel in several instances: "when his attorneys failed to obtain an expert evaluation to

6

review, analyze, investigate, and provide expert opinions related to internet protocol address, software, technology, and equipment," when his attorneys "did not make critical objections at the sentencing hearing," and when they failed to file a notice of appeal. (ECF No. 29, Pages 9–10 of 24.)

### i.   Failure to obtain an expert

The "two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "A petitioner who claims that he was denied effective assistance of counsel with regard to whether or not to plead guilty must prove that (1) counsel rendered [a] constitutionally deficient performance, and (2) there is a reasonable probability that but for counsel's deficient performance, the petitioner would have pled guilty." *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Gilbert v. United States*, 64 F.4th 763, 771 (6th Cir. 2023) (quoting *Strickland*, 466 U.S. at 694).

As the Sixth Circuit set forth in *Humphress*, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Humphress*, 398 F.3d at 859 (citing *Strickland*, 466 U.S. at 697).

Here, Defendant argues that his attorneys' failure to obtain an expert to review internet and technology evidence meant that he "was not in a position to make full and informed decisions regarding whether to file motions, accept a plea or proceed to trial, and/or assess the strengths of the Government's case before tendering a guilty plea." (ECF No. 29, Page 15 of 24.) But Defendant does not explain what an expert evaluation would have revealed, what motions he would have filed, or how an expert could have affected his ability to accept a plea or proceed to trial.

Without such a showing, Defendant has not demonstrated, let alone suggested, a "reasonable probability that but for counsel's deficient performance, [Defendant] would have pled guilty." *Humphress*, 398 F.3d at 859; *see also United States v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir.

2004) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *Popovich v. Cuyahoga Cnty. Court of Common Pleas*, 276 F.3d 808, 823 (6th Cir. 2002))). As such,

### ii.    *Failure to object at sentencing*

Defendant also argues that his attorneys were ineffective because they "failed to make critical objections during sentencing." (ECF No. 29, Page 15 of 24.)

The Court uses the same standard described in *Strickland* to evaluate claims of ineffective assistance of counsel for sentencing as it does for trials. Defendant "must demonstrate (1) that counsel's representation at sentencing fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for his attorney's unprofessional representation, the result of the proceeding would have been different." *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 687–88).

Defendant specifies that at sentencing, his lawyer should have objected to the Government's references to "testimony and evidence from a co-defendants' jury trials [sic], and a co-defendant Garrison's court file."

9

(*Id.* at Page 15–16 of 24.) Defendant argues that such information "made it difficult and confusing for the Court to separate evidence from the co-defendants' jury trials, and Defendant[ ]'s case." (*Id.* at Page 16 of 24.)

Defendant does not present any argument regarding what factual differences there were between him and his co-Defendants' conduct such that the Government's references were inappropriate or irrelevant. Further, Defendant does not cite any authority, nor is the Court able to discern any reason, why references to this "testimony and evidence" should have been excluded from sentencing such that his counsel's failure to object amounted to unprofessional representation.

"[I]n determining relevant conduct at the sentencing phase, the district court's inquiry is not limited to evidence contained in the trial record." *United States v. Davis*, 928 F.2d 405 (6th Cir. 1991) (unpublished table opinion) (citing 18 U.S.C. § 3661). In considering relevant facts and conduct during sentencing, "due process requires simply that '*some* evidentiary basis beyond mere allegation in an indictment.'" *United States v. McCarty*, 628 F.3d 284, 289 (6th Cir. 2010) (quoting *United States v. Silverman,* 976 F.2d 1502, 1512 (6th Cir. 1992) (en banc)).

Further, the Federal Rules of Evidence do not apply during sentencings. Fed. R. Evid. 1101(d)(3).

Additionally, the Court contemplated Defendant's individual conduct when it imposed his sentence. At sentencing, the Court noted that "[e]verybody [in the conspiracy] had a different role" and that Defendant "didn't build the website," but that Defendant "was active multiple nights a week" on the website and engaged in the conspiracy "at least for a period of time from April to October of 2015." (ECF No. 27, PageID.375–376; *see also id.* at PageID.377–378, 383–384 (describing Defendant's role and actions in the conspiracy).) As such, Defendant has not demonstrated that counsel at sentencing was deficient.

### iii.    Failure to appeal

Finally, Defendant raises a perfunctory argument that "he was deprived effective assistance of counsel because a notice of appeal was not timely filed on his behalf following the entry of Judgment." (ECF No. 29, Page 16 of 24.) Defendant does not cite any authority in support of this argument.

The *Strickland* test also applies to claims that "counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v.*

11

*Flores-Ortega*, 528 U.S. 470, 477 (2000). Here, Defendant has not made any showing that his previous counsel's representation "fell below an objective standard of reasonableness" or prejudiced him. *Id.* at 476 (quoting *Strickland*, 466 U.S. at 688). Defendant does not describe any communication (or lack of communication) he had with his prior counsel regarding an appeal, nor does he suggest that his prior counsel "fail[ed] to follow [his] express instructions with respect to an appeal." *Id.* at 478. As such, Defendant has not made a showing that his prior counsel acted unreasonably in failing to file a notice of appeal.[3]

### D. The Court's consideration of the § 3553(a) factors

Defendant also asserts that he is entitled to relief under § 2255 because the Court "failed to fully and completely consider the [§] 3553(a) factors when it imposed its sentence." (ECF No. 29, Page 16 of 24.) Defendant believes that the Court set forth "simple and conclusory assertions without a real and meaningful examination of the [§] 3553 factors," "spent significant time . . . giving weight to the victims[']

---

[3] The Court also notes that Defendant was aware that he had 14 days to file a notice of appeal. (ECF No. 27, PageID.387 (instructing Defendant at his sentencing hearing that he has 14 days to file a notice of appeal and that he could request a lawyer to be appointed if he does not have the ability to pay for one).)

situations[ ] and the codefendant's trials," and "failed to consider Defendant Armbruster's impressive military service, the [e]ffects his combat training and experience had on him, prior mental health issues, childhood trauma, his cooperation in this case, his good behavior on bond, and the fact that he did not have a trial, and accepted responsibility." (*Id.* at Pages 19–21 of 24.)

"Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). But "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance." *Id*. Here, Defendant did not file a notice of appeal challenging his sentence and he at no point argues in his motion that his counsel at sentencing acted unreasonably regarding the Court's evaluation of the 18 U.S.C. § 3553(a) factors. (ECF No. 29; ECF No. 34, PageID.449–456.) In fact, Defendant appears to acknowledge the effectiveness of his counsel's sentencing memorandum because it detailed Defendant's struggles with his mental health, and suggested "that this Court had the discretion to consider a non-custodial sentence." (ECF No. 29, Page 21 of 24.) The Court finds

13

that Defendant has waived this argument because he did not directly appeal his sentence and his argument cannot be construed as part of an ineffective assistance claim.

Even if his argument could be construed as an ineffective assistance claim, Defendant's argument lacks merit. For example, Defendant's contention that the Court failed to take into consideration his "impressive military service, the [e]ffects his combat training and experience had on him, prior mental health issues, childhood trauma, his cooperation in this case, his good behavior on bond, and the fact that he did not have a trial, and accepted responsibility" is false. (ECF No. 29, Pages 19–21 of 24.) First, the Court explicitly and repeatedly acknowledged several of these items at sentencing.[4]

---

[4] (*See* ECF No. 27, PageID.377 ("But I do care a great deal that you came into this world with a very harsh set of circumstances. You were living in a car at times with your mother because of abuse from your father and her escape from that. You suffered a horrible tragedy with your friend at age 17. You saw things in the war that you should not have seen and should not have happened."); *see also id.* at PageID.379 ("I want to repeat again that I'm sorry for the pain that you suffered and I don't think there's any excuse for that. Your service to the country was brave and you did a good many tours of duty and were exposed to conduct that sounds like has scarred you for a very long time."); *id.* at PageID.380–381 ("I did not understand that you were taking responsibility for this. I thought you were shirking responsibility by saying that when you were on that website with 8, 9, 10, and 11-year-old girls that you thought they knew right from wrong and that they were just about adults and able to consent. Now you're telling me you don't remember writing that. But I recall at your guilty plea

Additionally, every item listed by Defendant was before the Court prior to the imposition of the sentence. Then-Defense counsel's sentencing memorandum and statements at the sentencing hearing, and the presentence report, were reviewed by the Court prior to sentencing and all provided the information Defendant claims the Court failed to acknowledge. (*See, e.g.*, ECF No. 27, PageID.360 (describing then-Defense counsel's sentencing memo as "very thorough" and "very compelling").)

"[T]he sentencing court need not explicitly address every mitigating argument or factor in detail on the record." *United States v. Montano-Pantoja*, No. 24-1225, 2025 WL 80441, at *2 (6th Cir. Jan. 13, 2025) (citing *United States v. Petrus*, 588 F.3d 347, 354–55 (6th Cir. 2009)). Here, the Court "acknowledged the parties' arguments and articulated its reasons for imposing a particular sentence." *Petrus*, 588 F.3d at 354. As such, it "was not obligated to discuss extensively each consideration." *Id.*

---

that you struggled to understand what your responsibility was here. So it seems consistent to me.).)

In conclusion, Defendant's claim regarding the Court's consideration of § 3553(a) factors fails.

## IV.  Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion under 28 U.S.C. § 2255 to vacate his sentence. (ECF No. 29.)

Under 28 U.S.C. § 2253(c)(1)(B), there can be no appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); *see* Fed. R. App. P. 22(b) ("[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice, or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Defendant does not make this showing. Accordingly, the Court DENIES a certificate of appealability.

Finally, Defendant is not entitled to an evidentiary hearing regarding his § 2255 motion. Defendant has not presented any factual allegations that would warrant an evidentiary hearing. *See Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) ("[W]here there is a

factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims . . . But when presented with factual allegations, a district court may only forego a hearing where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.") (cleaned up).

IT IS SO ORDERED.

Dated: October 15, 2025          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager